GITTINGS (THOMAS v.). See Case No. 13,-897.

## Case No. 5,466.

### GIVEEN v. SMITH.

[1 Hask. 296.][1]

Circuit Court, D. Maine. Sept., 1870.

BANKRUPTCY — SUIT IN EQUITY BY ASSIGNEE
AGAINST MORTGAGEE OF CHATTELS—
FRAUDULENT PREFERENCE.

In equity, an assignee in bankruptcy cannot maintain a bill against a mortgagee of the chat-

1 [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

tels of the bankrupt to avoid the mortgage as a fraudulent preference, after having sold the chattels without order of court for the sale of incumbered property under section 25 of the bankrupt act [of 1867 (14 Stat. 528)], when the mortgagee, by answer, repudiates all claim to the funds received from the sale, and acquits the assignee from all liability.

In equity. Bill by [Thomas M. Giveen] the assignee of a bankrupt against [Joseph Smith] a mortgagee of chattels, to set aside the mortgage as a fraudulent preference given by the bankrupt. The assignee had sold the chattels before he brought his bill, but without order of court for the sale of incumbered property under section 25 of the bankrupt act. The mortgagee, by answer, repudiates all claim to the funds received by the assignee from the sale of the property, and acquits the assignee of all liability in the premises. Proofs were taken.

William L. Putnam, for orator.
Edwin B. Smith, for respondent.

Before SHEPLEY, Circuit Judge, and FOX, District Judge.

FOX, District Judge. The bill, as originally drawn charged, that the mortgage given by the bankrupts to Smith, on the 17th day of February, 1869, was fraudulent and void, under the provisions of the bankrupt law, having been made within four months of the filing of the petition in bankruptcy, with intent to give a fraudulent preference, &c., and "that Smith sets up and claims to hold and maintain the mortgage as against the assignee and refused to surrender the same, though requested so to do, and that at a sale of the property by the assignee, on the 27th day of May, he notified said assignee and the other persons present that he claimed to hold the goods by said mortgage;" and the complainant prayed, "that Smith may be required to surrender up and cancel the mortgage, and that he and his agents, &c., may be enjoined from foreclosing, setting up or claiming said mortgage as against the complainant as assignee, and offers to pay whatever may be due upon said mortgage, if adjudged valid." A preliminary injunction was granted, as prayed for, upon the complainant's filing satisfactory security to abide the decree and to pay all sums for principal and interest, decreed by the court to be due on said mortgage.

Smith, in his answer, claims that the mortgage is in all respects valid, and was made and received "as security for a debt for present considerations," without fraud or any intent to violate the bankrupt act, and alleges, "that the assignee has sold the property at auction to C. J. Walker, with notice of Smith's claim, and that Walker bought it at a sum far below the actual value in consequence of this incumbrance; that Walker, prior to the filing of the bill, sold the property to Elwell; and so the defendant avers, that the complainant has now no interest or title to the property, and hath no right to

maintain this bill relating thereto, and that the present owner purchased the same with a full knowledge of all the facts and subject to said mortgage, and has a complete remedy at law; and that upon these facts, this court has not jurisdiction in equity over the parties or the subject matter thereof."

The case was heard in part, at the last April term, and the complainant then moved for and had leave to amend his bill by alleging, "that said stock was sold by the assignee, May 27, 1869, expressly free from all incumbrances, for $975 to C. J. Walker, which sum was recovered and is still held by said assignee; that at the time of the sale, said Smith notified said assignee that he claimed to hold said stock by virtue of said mortgage, and he has ever since claimed to hold, and has set up said mortgage, as a valid lien and claim upon the property; that by reason of said claim, he is embarrassed and prevented from settling said estate and dividing said proceeds among the creditors of said bankrupts who have proved their claims, and he fears, he may be sued by said Smith for his acts aforesaid by reason of said mortgage; he therefore prays, that the court will decree said mortgage void as against the complainant, his successors and assigns, and will also determine, whether said Smith had any claim on said property by virtue of said mortgage as against the complainant, his successors and assigns, and by reason thereof, any lien on the proceeds aforesaid; and if they shall find that he has any such lien or claim, that thereupon the court will determine the amount thereof, and that upon the payment of said sum, if any, by your complainant, from said proceeds, said Smith may be restrained and perpetually enjoined from foreclosing, setting up or claiming said mortgage as against your orator, his successors and assigns; and that a subpoena may issue to said Elwell and he may be made a party defendant thereto."

To the amended bill Smith makes further answer, denying that the property was sold. "expressly free from all incumbrances;" and he alleges, "that all that was sold was the equity of redeeming said stock from his mortgage; that he does not set up any claim to the sum received from the sale, except as he may be entitled by reason of the order of the court, which gave him security, at the time he was enjoined at the instance of the complainant, from prosecuting his claim to and remedy against the goods themselves, which have since been scattered and sold, while this defendant has been prohibited and restrained by said injunction from preventing it. He denies that the complainant is delayed or embarrassed in any way, by defendants, in selling said estate or distributing its assets, and disclaims any purpose of suing the assignee for any action by him taken with reference to said goods or sale thereof, claiming such sale to be subject to defendant's mortgage."

From the evidence, we are fully satisfied that the mortgage which was taken by Smith from the bankrupt, in February, 1869, it having been made within four months of the filing of the petition against him in bankruptcy, was designed and intended by the parties as a fraudulent preference, and was therefore fraudulent and void as against the assignee in bankruptcy, and under the provisions of the 35th section of the act, the assignee, if he had not disposed of the property, could without doubt have sustained a bill in equity against Smith to have said mortgage decreed void, and to recover of him the property or the value thereof.

By the 25th section of the bankrupt act, upon the petition of the assignee, "whenever it appears to the satisfaction of the court, that the title to any portion of the estate, real or personal, which has come into possession of the assignee, or which is claimed by him, is in dispute, the court may upon the petition of the assignee, and after such notice to the claimant, his agent or attorney, as the court shall deem reasonable, order it to be sold under the direction of the assignee, who shall hold the funds received, in place of the estate disposed of."

In the present instance, the assignee did not avail himself of this very salutary provision of the law, but he obtained from the register the common order of sale of unencumbered property, without any suggestion that the property was mortgaged or in dispute, or that there was any other claimant thereto, and without any notice to Smith of the application. The proceeds of the sale are now held by the assignee. If this sale had been by an order of the district court, after due notice to Smith, the proceeds realized therefrom would have been substituted for the property; the rights of all parties would have attached to the proceeds, the same as they existed to the property itself, and no question is entertained that under such circumstances the assignee could have sustained a bill in equity to determine the validity of the mortgage and Smith's rights to the proceeds by virtue thereof. But unfortunately for the complainant, this course was not adopted by him, and he cannot derive any aid or support to his bill from the provisions of the 25th section of the bankrupt act, but his right to maintain it depends on the general principles of law as administered in courts of equity.

The complainant, having disposed of the mortgaged property, brings his bill against the mortgagee, alleging, that he is in possession of the proceeds of the sale, and that the mortgagee has ever since the sale claimed to hold and has set up said mortgage as a valid lien and claim on the property, whereby the complainant is embarrassed and prevented from settling the estate in bankruptcy; and he fears that he may be sued by said Smith for his acts aforesaid, by reason of said mortgage; and the prayer is,

that the court will decree the mortgage void as against the complainant and his assignee, and will determine whether said Smith has any claim on said property by virtue of said mortgage as against the complainant, his successors and assigns, and by reason thereof, any lien on the proceeds aforesaid, the amount of which when determined by the court, the complainant offers to pay and discharge from the proceeds; the substance of the bill therefore is, that the complainant apprehends that Smith may have a lien or claim on the proceeds of the sale in the hands of the assignee, and may hereafter institute a suit against him therefor. The validity and extent of this lien, the court is asked to determine in this suit; but the respondent, in his answer, makes no claim whatever against the proceeds from the sale of the mortgaged property, he the rather, as we understand the answer, admits he has no claim against the fund in the hands of the complainant, and as we apprehend, would, by his answer, be barred from ever setting up any claim thereto. He avers that only the equity of redemption was sold, to the proceeds of which, of course, he as mortgagee could not sustain any claim, and although his disavowal of any interest in the fund or of any right to satisfaction of his mortgage debt is presented in rather a double aspect, yet the effect of his answer would be to estop him hereafter from any legal claim against the assignee, either for disposing of the mortgaged property or for its proceeds. He avers in his answer, "that he does not set up any claim to the sum received from said sale, except as he may be entitled by reason of the order of the court, which gave him security at the time he was enjoined, etc., disavows any purpose of suing the complainant for any action by him taken with reference to said goods, or the sale thereof, claiming such sale to be subject to defendant's mortgage."

His disavowal therefore is full and precise, with the exception of a reservation of his rights to the security ordered to be given him by the complainant, when the injunction was obtained; this security was by bond, with surety, conditioned "that said Giveen shall abide by the decision of said court in said suit, and shall pay all sums for principal and interest decreed by said court to be due on said mortgage." As the court has no doubt that the mortgage was fraudulent and void under the provisions of the bankrupt act, it cannot be expected that the respondent will succeed in obtaining a decree for the payment of his debt secured thereby; if the bill cannot be sustained, the proper course would be to dismiss the bill, leaving all parties to their legal rights. But a court of equity would never be justified under such circumstances in aiding a party to a fraudulent transaction to obtain any benefit or advantage therefrom. The exception in the answer therefore would not be of any effect,

and the disavowal of all claim against the assignee, or the proceeds of the property in his hands must be deemed as if absolute and unqualified, so that no claim could be hereafter made against the assignee by said Smith.

The answer therefore presents a complete defence to the bill as now framed, and we do not find any testimony contradictory to the answer, sufficient to satisfy us that the respondent has heretofore set up any such claim or pretence as is alleged in the bill of the complainant, and which would justify a decree for the complainant.

The counsel for the complainant, at the argument, endeavored to sustain the bill on an entirely different ground, viz.: that the mortgagee might hereafter institute his suit to recover the value of the mortgage property from Elwell, and in that case the assignee would be bound to indemnify him from any judgment which might be recovered against him. The difficulty in adopting this view is, that the bill is not drawn to meet any such case. It does not contain any averments, that Smith may hereafter make such a claim on Elwell or require Smith to avow or deny his purpose to institute such a suit, nor does it admit directly that the assignee would be bound to indemnify Elwell from such a claim and offer so to do. Neither Walker, or Tyler, Lamb & Co., who were intermediate purchasers, and who might have an interest in the matter are made parties, and although by the amended bill the complainant asks "that a subpoena may issue to Elwell, and he be made a party defendant hereto," it does not appear from the bill, why or for what purpose he is in this manner made a party, as there are not found in the bill any charges in relation to him, nor is he named in the prayer, or is the court in any way advised what remedy, if any, is brought against him. His default does not appear to the court to afford any support to the bill as it stands, as there are no averments or charges against him, to which the default is applicable.

The bill admits that the stock was sold "expressly free from all incumbrances." This is denied in the answer. The bill of sale of stock, executed on the day of sale as the written contract of sale, purports to convey the stock itself, and certain averments of the assignee are found contained in said bill of sale, but none whatever relating to the title or freedom from incumbrances. It is claimed by defendant, that parol evidence is inadmissible to vary the averments; that the bill of sale is the only evidence of the contract and liabilities of the party; but as all the parties to the contract are not now before the court, we think proper to reserve our opinion as to the admissibility of parol evidence that the sale was made expressly free from all incumbrances, as well as any decision as to the legal operation and effect of the bill of sale

as executed, with the suggestion, that it may perhaps appear on an examination of the authorities, that a third party cannot compel one to avail himself of an objection of this character, if contrary to truth and justice, and the actual agreement of the contracting parties. By insisting on such an inequitable and unjust objection, the vendor might possibly render himself answerable in an action of the case for all the damages sustained from his warranty or representation as to the state of the title at the time of sale, although not set forth in the written contract.

As the bill now is, it cannot be sustained; but if the complainant shall be advised that upon the facts as they existed, he would be entitled to relief upon a bill with proper parties and allegations, upon which it must not be understood that the court has any decided opinion, we are inclined to allow leave to amend the bill in those respects, the complainant relinquishing all costs to the present time.

[NOTE. The bill was amended in conformity with this opinion. and the cause was heard upon the bill. answer, and proofs, the court rendering a decree in favor of the complainant, with costs from September 8, 1870. See Case No. 5,467.]